IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

ANTHONY SNOW, Individually and as Next
Of Kin of JESSIE M. SNOW, Deceased,

      Plaintiff,

v.                                                          2:10-cv-02363-STA-cgc
                                        JURY DEMANDED

TIMOTHY L. KEMP, M.D.,
THMS WEST TENNESSEE MC, LLC,
and BAPTIST MEMORIAL HOSPITAL – COLLIERVILLE,

      Defendants.

---

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION
TO STRIKE AFFIRMATIVE DEFENSES**

---

Before the Court is Plaintiff's Motion to Strike Affirmative Defenses (D.E. #14) by way of District Judge S. Thomas Anderson's Order of Reference for Report and Recommendation. (D.E. #17). Having considered the filings of the parties related to the Motion, the oral argument at the October 4, 2010 hearing on the Motion, and the entire record in this case, the Court recommends that Plaintiff's Motion be granted.

I.    Procedural History

Plaintiff filed his Complaint in the Circuit Court of Tennessee at Memphis against the above-captioned Defendants on April 22, 2010 alleging, among other things, that Timothy L. Kemp, M.D. committed medical malpractice arising out of his course of treatment of Jessie Snow, Plaintiff's Decedent. The action was removed to Federal Court on May 14, 2010 based on diversity of citizenship. (D.E. #1). Dr. Kemp answered the Complaint on June 21, 2010 and stated as the Fifth and Sixth Defenses that Dr. Kemp

consulted with Dr. Donald Gravenor and Dr. Virginia Owen during the course of his treatment of Jessie Snow and that he relied on the input and advice of Drs. Gravenor and Owen during his treatment of Ms. Snow.  Answer (D.E. # 11) at 5 – 6.  Dr. Kemp further states that he does not assert that either Dr. Gravenor or Dr. Owen was negligent.

Plaintiff filed his Motion to Strike Dr. Kemp's Fifth and Sixth Defenses alleging that Dr. Kemp did not properly plead the affirmative defense of comparative fault.  In response, Dr. Kemp states that his defense is that he relied on the advice and reports of Drs. Gravenor and Owen and that said reliance should be considered by the jury in determining whether Dr. Kemp is negligent.

II.     Relevant Law

Federal Rule of Civil Procedure 12(f) provides that a court may, on its own or upon the motion of a party, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because striking a portion of a pleading is a drastic remedy, motions under Rule 12(f) are generally disfavored and generally will not be granted unless it is "shown that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party."   5C Wright & Miller, *Federal Practice and Procedure Civil 3d* § 1380.

What constitutes an insufficient defense under Rule 12(f) depends upon the nature of the affirmative pleader's claim for relief and the particular defense that is in question. *Id.* § 1381. Even when technically appropriate and well founded, Rule 12(f) motions are often not granted in the absence of a showing of prejudice to the moving party. *Id.* It has

2

been recognized, however, that if a defendant's affirmative defense cannot withstand a Rule 12(b)(6) challenge, the defense may be stricken as legally insufficient. *Regions Bank v. SoFHA Real Estate, Inc.*, No. 2:09-CV-57, 2010 WL 3341869, \*12 (E.D.Tenn. August 25, 2010) (citing *Williams v. Provident Inv. Counsel, Inc.,* 279 F.Supp.2d 894, 906 (N.D.Ohio 2003)).

In diversity actions, courts are to apply state substantive law and federal procedural law. *Biegas v. Quickway Carriers, Inc.,* 573 F.3d 365, 374 (6th Cir. 2009). When applying the substantive law of Tennessee, courts must "follow the decisions of the state's highest court when that court has addressed the relevant issue." *Savedoff v. Access Group, Inc.,* 524 F.3d 754, 762 (6th Cir. 2008) (quoting *Talley v. State Farm Fire & Cas. Co.,* 223 F.3d 323, 326 (6th Cir. 2000)).

III.     Proposed Conclusions of Law

In his motion, Plaintiff asserts that the defenses should be stricken because they do not properly plead the affirmative defense of comparative fault.  At oral argument, counsel for Dr. Kemp emphasized that the defenses are that Dr. Kemp relied on the advice and reports provided by Drs. Gravenor and Owen and that Dr. Kemp does not allege that either Dr. Gravenor or Dr. Owen was negligent or that either caused Ms. Snow any injury or caused her death.  This statement is important within the context of Tennessee Code Annotated Section 20-1-119 which states in relevant part:

> (a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, **alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery**, and if the plaintiff's cause or causes of action against that person would be barred by any applicable

statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault, either:

> (1) Amend the complaint to add the person as a defendant pursuant to Tenn. R. Civ. P. 15 and cause process to be issued for that person; or

> (2) Institute a separate action against that person by filing a summons and complaint. If the plaintiff elects to proceed under this section by filing a separate action, the complaint so filed shall not be considered an original complaint initiating the suit or an amended complaint for purposes of this subsection (a).

Tenn. Code Ann. § 20-1-119 (emphasis added).  In this case, Dr. Kemp is, by tracking the language of the statute, not seeking to avail himself of the affirmative defense of comparative fault.

Next the Court must examine whether reliance on the advice of another medical professional, in and of itself, constitutes an affirmative defense to a claim of medical malpractice.  Tennessee Code Annotated Section 29-26-115 sets out the claimant's burden in a medical malpractice action:

> **(a)**  In a malpractice action, the claimant shall have the burden of proving by evidence as provided by subsection (b):

> **(1)**  The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;

> **(2)**  That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and

> **(3)**  As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Tenn. Code Ann. §29-26-115.

While reliance may be relevant to whether Dr. Kemp acted in accordance with the recognized standard of care, counsel for Dr. Kemp did not provide, nor was the Court able to find, any cases where a court of the State of Tennessee recognized reliance as a defense to a medical malpractice action. Therefore, the Court recommends that the Fifth and Sixth Defenses be stricken as they are legally insufficient.

The sole case cited by Dr. Kemp, *Kelley v. Cage*, 2002 WL 1315536 *4 (Tenn. Ct. App. June 18, 2002) involved issues of whether a physician-patient relationship existed. Summary judgment was granted based on the trial court's determination that there was no physician-patient relationship. The trial court did not reach the issue of adherence to standard of care. The Court of Appeals held that there was a genuine issue of material fact surrounding the issue of the relationship. The treatment recommendations and reliance thereon in *Kelley* are recommendations made by the defendant doctor to a treating emergency room physician. Central to the physician patient issue was whether that relationship exists when the only interaction that the physician and patient have is that the defendant physician recommended a course of treatment to another physician who actually treated the patient.

The *Kelley* fact pattern is completely opposite to the case at bar. Here, Mrs. Snow was actually treated by Dr. Kemp. The only reliance at issue here is Dr. Kemp's reliance on advice and reports from non-party physicians that were not actively involved in the treatment of Mrs. Snow. Therefore, the *Kelley* holding does not change the recommendation that reliance, in and of itself, is not a legally sufficient defense to a medical malpractice claim.

5

Dated this 22nd day of October, 2010.


 /s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE


**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**