IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| ANTHONY SNOW, Individually and as Next Of Kin of JESSIE M. SNOW, Deceased, | ) ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) )   No. 10-2363-STA-cgc |
| TIMOTHY L. KEMP, M.D., THMS WEST TENNESSEE MC, LLC, and BAPTIST MEMORIAL HOSPITAL – COLLIERVILLE, | ) ) ) ) ) |
| **Defendants.** | ) |

_____

**ORDER ADOPTING THE MAGISTRATE'S REPORT AND RECOMMENDATION
AND GRANTING PLAINTIFFS' MOTION TO STRIKE**
_____

Before the Court is Plaintiffs' Motion to Strike (D.E. # 14) filed on July 20, 2010, and the Magistrate Judge's Report and Recommendation that Plaintiffs' Motion be Granted (D.E. # 22) entered on October 22, 2010. Defendant Timothy L. Kemp, M.D. ("Dr. Kemp") has filed timely objections to the Report and Recommendation.[1] For the reasons set forth below, the Magistrate Judge's Report and Recommendation is **ADOPTED** and Plaintiff's Motion to Strike is **GRANTED**.

---

[1] On January 13, 2011, Plaintiff filed a motion for an extension of time in which to respond to Defendant's objections (D.E. # 34). Because the Court adopts the Magistrate Judge's Report and Recommendation, Plaintiff's request is arguably moot and so is **DENIED**.

## BACKGROUND

The Magistrate Judge has reported the following background facts to which neither party has objected and which the Court hereby adopts: Plaintiff filed his Complaint in the Circuit Court of Tennessee at Memphis against the above-captioned Defendants on April 22, 2010, alleging, among other things, that Dr. Kemp committed medical malpractice arising out of his course of treatment of Jessie Snow, Plaintiff's decedent. The action was removed to federal court on May 14, 2010, based on diversity of citizenship. (D.E. #1). Dr. Kemp answered the Complaint on June 21, 2010, and stated as his Fifth and Sixth Defenses that Dr. Kemp consulted with Dr. Donald Gravenor and Dr. Virginia Owen during the course of his treatment of Jessie Snow and that he relied on the input and advice of Drs. Gravenor and Owen during his treatment of Ms. Snow. Answer 5-6 (D.E. # 11). Dr. Kemp further states that he does not assert that either Dr. Gravenor or Dr. Owen was negligent.

Plaintiff filed his Motion to Strike Dr. Kemp's Fifth and Sixth Defenses alleging that Dr. Kemp did not properly plead the affirmative defense of comparative fault. In response, Dr. Kemp states that his defense is that he relied on the advice and reports of Drs. Gravenor and Owen and that said reliance should be considered by the jury in determining whether Dr. Kemp was negligent.

## STANDARD OF REVIEW

Plaintiffs have filed timely objections to the Magistrate Judge's Report and Recommendation. Generally, motions to strike pleadings are dispositive in nature.[2] The Court's

---

[2] *Ruffin v. Frito-Lay, Inc.*, no. 09-cv-14664, 2010 WL 2663185, at *1 (E.D. Mich. June 10, 2010); *Del-Nat Tire Corp. v. A to Z Tire & Battery, Inc.*, no. 09-2457, 2009 WL 4884435, at *2 (W.D. Tenn. Dec. 8, 2009); *Specialty Minerals, Inc. v. Pleuss-Staufer AG,* 395 F. Supp. 2d

Order of Reference specifically referred Plaintiff's Motion to the Magistrate Judge for report and recommendation. Therefore, the Court will "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[3]

In her Report and Recommendation, the Magistrate Judge recommended that Plaintiff's Motion to Strike be granted. Plaintiff asks the Court to strike Dr. Kemp's fifth and sixth affirmative defenses from his Answer. In those defenses, Dr. Kemp pled that he relied on advice he obtained from two other physicians in the course of treating Plaintiff's decedent. Dr. Kemp has not alleged that the other two physicians were negligent or caused or contributed to Plaintiff's injuries. The Magistrate Judge concluded, and counsel for Defendant confirmed at the hearing on the Motion, that Dr. Kemp was not attempting to plead the affirmative defense of comparative fault as to these two physicians. The Magistrate Judge then held that reliance was not an available defense to an allegation of medical malpractice under Tennessee law. Her Report did note that "reliance may be relevant to whether Dr. Kemp acted in accordance with the recognized standard of care." Report 5. As a result, the Magistrate Judge recommended that Dr. Kemp's fifth and sixth affirmative defenses be stricken as a legally insufficient.

In his timely Objections to the Report, Dr. Kemp contends that the Magistrate Judge incorrectly applied the Rule 12(f) standard to his pleadings. First, Dr. Kemp argues that his fifth

---

109, 111 (S.D.N.Y. 2005) ("motion to strike an affirmative defense is clearly 'dispositive of a ... defense of a party.' "); *United States v. Davis,* 794 F. Supp. 67, 68 (D.R.I.1992) ("[a]n order striking affirmative defenses is dispositive of those defenses ...").

[3] 28 U.S.C. § 636(b)(1)(C). *See also* Fed. R. Civ. P. 72(b)(3).

and sixth affirmative defenses should not be stricken because the Magistrate Judge did not find that the affirmative defenses would prejudice Plaintiff.  Plaintiff has not made this showing and has early notice of Dr. Kemp's intended defense by virtue of his pleadings.  For this reason alone, Defendant believes that the Motion to Strike should be denied.  Second, Dr. Kemp argues that the Magistrate Judge erroneously placed the burden on him as the non-moving party to show that his affirmative defenses were legally sufficient.  There is nothing in the Tennessee Medical Malpractice Act that would limit Dr. Kemp to asserting only the defenses listed in the Act.  Finally, Defendant contends that if these affirmative defenses are stricken, he will not be able to present these defenses to the jury.  Therefore, Dr. Kemp asks the Court to reject the Magistrate Judge's recommendation and deny Plaintiff's Motion to Strike.

## ANALYSIS

Having reviewed the parties' briefs and the Magistrate Judge's Report *de novo*, the Court holds that Plaintiff's Motion to Strike should be granted.  Federal Rule of Civil Procedure 12(f) provides that a court may, on its own or upon the motion of a party "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[4]  In this instance, Plaintiff has argued that Dr. Kemp's fifth and sixth affirmative defenses are legally insufficient.  What constitutes an insufficient defense under Rule 12(f) depends upon the nature of the affirmative pleader's claim for relief and the particular defense that is in question.[5]  Although motions to strike are disfavored,[6] an affirmative defense may be stricken as legally

---

[4] Fed. R. Civ. P. 12(f).

[5] 5C Wright & Miller, *Federal Practice and Procedure Civil 3d* § 1381.

[6] *Id.* § 1380.  See also *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir.1953) (A motion to strike a defense "is a drastic remedy to be resorted to only

insufficient if the defense cannot withstand a Rule 12(b)(6) challenge.[7] The Court notes that this rule is consistent with the very definition of an affirmative defense. An affirmative defense is commonly understood to be "a defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true."[8] Therefore, "if it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint, the matter must be stricken as legally insufficient."[9]

In his Answer, Dr. Kemp has pled the following affirmative defenses:

### FIFTH DEFENSE

During the course of his evaluation of Ms. Snow, Dr. Kemp consulted Dr. Donald Gravenor. After presenting all the pertinent data to Dr. Gravenor, Dr. Kemp sought Dr. Gravenor's advice on how the patient should be treated and whether the patient should be discharged home from the emergency room. Dr. Gravenor, a hematologist, gave input and advice with regard to Ms. Snow's treatment. Dr. Kemp relied upon Dr. Gravenor's input and advice. While Dr. Kemp does not assert that Dr. Gravenor was negligent or that Dr. Gravenor caused Ms. Snow any injury or caused her death, Dr. Kemp does point out Dr. Gravenor's factual involvement in the case and the fact that Dr. Kemp relied on Dr. Gravenor's advice and input.

---

when required for the purposes of justice.").

[7] *Williams v. Provident Inv. Counsel, Inc.,* 279 F. Supp. 2d 894, 906 (N.D. Ohio 2003) (citing *Renalds v. S.R.G. Restaurant Group,* 119 F.Supp.2d 800, 802 (N.D. Ill. 2000) (citing *Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir.1989)).

[8] Black's Law Dictionary (9th ed. 2009).

[9] *Williams*, 279 F. Supp. 2d at 906 (citations omitted). The Court notes that this formulation of the Rule 12(f) standards is similar to the "no set of facts" standard the Supreme Court "retired" in *Twombly*. This Court has noted that the Sixth Circuit has not addressed the impact of the *Twombly-Iqbal* pleading standard on motions to strike. *Del-Nat Tire Corp. v. A to Z Tire & Battery, Inc.*, no. 09-2457, 2009 WL 4884435, at *2 (W.D. Tenn. Dec. 8, 2009) (collecting cases). The Court need not resolve this issue here because under either standard, the Court concludes that the motion to strike should be granted.

**SIXTH DEFENSE**

> Dr. Virginia Owen, a radiologist, interpreted Ms. Snow's ultrasound. Dr. Kemp relied upon Dr. Owen's radiology report and her interpretation of the ultrasound. Dr. Owen concluded that Ms. Snow did not have a deep vein thrombosis. While Dr. Kemp does not allege that Dr. Owen was negligent or that Dr. Owen caused any injury to Ms. Snow, Dr. Kemp does point out Dr. Owen's involvement in the patient's care and his reliance upon her interpretation of the patient's ultrasound.

The Court holds that Defendant Kemp's fifth and sixth affirmative defenses are legally insufficient under Tennessee law. Accepting as true the factual allegations contained in these defenses,[10] the Court holds that even if Defendant Kemp could prove that he relied on the advice of two other physicians, such proof alone would not defeat Plaintiff's claims for medical malpractice. Defendant Kemp has noted that Plaintiff has failed to show how these affirmative defenses would prejudice Plaintiff. Although this factor is clearly relevant to the Court's inquiry on a motion to strike, Plaintiff has challenged the legal sufficiency of the affirmative defenses where the issue becomes whether these affirmative defenses would actually "defeat the complaint" for medical malpractice. The Court has found no authority under Tennessee law recognizing a treating physician's reliance on advice from consulting physicians as an affirmative defense to medical malpractice. Likewise, neither the Magistrate Judge nor the parties have identified any case law supporting this proposition. For these reasons, the Court concludes that Defendant Kemp's fifth and sixth affirmative defenses are legally insufficient. Therefore, the Magistrate Judge's Report and Recommendation is **ADOPTED** and Plaintiff's Motion to Strike is **GRANTED**.

---

[10] *Kelly v. Kosuga,* 358 U.S. 516, 79 S.Ct. 429, 3 L.Ed.2d 475 (1959).

As the Magistrate Judge correctly pointed out, these factual allegations might be relevant to the issue of whether Dr. Kemp complied with the standard of care. In his Objections, Dr. Kemp states that he will be precluded from presenting his reliance theory to the jury should the Court strike his affirmative defenses. As a result, Dr. Kemp has requested "that in the event the Court adopts the Magistrate's Report and Recommendation that the Court make it clear that notwithstanding the defenses are stricken from the Answer, Dr. Kemp is not precluded from asserting the facts and arguments concerning his reliance on Dr. Gravenor and Dr. Owen at trial." The Court finds this request well-taken and so it is granted. Nothing in the Court's Order will prevent Dr. Kemp from asserting his reliance on the advice of Dr. Gravenor and Dr. Owen for all subsequent proceedings in this case.

**IT IS SO ORDERED.**

        **s/ S. Thomas Anderson**
        S. THOMAS ANDERSON
        UNITED STATES DISTRICT JUDGE

        Date: January 28th, 2011.