IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| ANTHONY SNOW, Individually  ) | |
| and as Next Of Kin of  ) | |
| JESSIE M. SNOW, Deceased,  ) | |
|      ) | |
|       Plaintiff,  ) | |
| v.    ) | No. 10-2363-STA-cgc |
|      ) | |
| TIMOTHY L. KEMP, M.D.,  ) | |
| THMS WEST TENNESSEE MC, LLC,  ) | |
| and BAPTIST MEMORIAL  ) | |
| HOSPITAL – COLLIERVILLE,  ) | |
|      ) | |
|       Defendants.  ) | |

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO FILE A RESPONSE TO DEFENDANT THMS WEST TENNESSEE MC, LLC'S MOTION FOR SUMMARY JUDGMENT**

---

Before the Court is Plaintiff Anthony Snow's Motion for Discovery to Respond to Defendant's Motion for Summary Judgment (D.E. # 30) filed on January 7, 2011. Defendant THMS West Tennessee MC, LLC ("THMS") has filed a response in opposition to the motion. For the reasons set forth below, the Motion is **GRANTED**.

In his Motion, Plaintiff seeks additional time in which to respond to Defendant's motion for summary judgment (D.E. # 25), which was filed on December 6, 2010. Plaintiff's Motion describes this matter as a "complex medical malpractice action." Plaintiff cites the fact that THMS's motion for summary judgment is supported by the affidavit of John Stair.[1] Plaintiff

---

[1] Pl.'s Mot. Discovery, 2. According to Stair's affidavit, Stair is Associate General Counsel of Team Health, Inc. THMS Mot. Summ. J., Stair Aff. 1. The Court notes that the

argues that he needs additional time for discovery in order to respond to the facts averred in the Stair affidavit. Plaintiff asserts that he has exchanged no discovery with Defendant THMS nor has either party conducted any depositions. Counsel for Plaintiff has provided an affidavit in which he states that additional discovery is required to determine whether THMS had any knowledge or involvement in the care of Jessie Snow.

THMS has responded in opposition to Plaintiff's Motion for Discovery. In addition to the facts averred in the Stair affidavit, Defendant has adduced a record from the state of Tennessee purporting to show that THMS was formed as a business entity on June 29, 2009. According to the Complaint, Jessie Snow was treated on January 2, 2009, about six months before THMS even existed. Defendant argues that no amount of additional discovery will demonstrate any liability on the part of THMS for the treatment of Jessie Snow. Therefore, Plaintiff's Motion for Discovery should be denied.

Federal Rule of Civil Procedure 56(b) permits a claiming party to move for summary judgment "at any time until 30 days after the close of all discovery."[2] Thus, it is clear that a claiming party may seek summary judgment very early in the proceedings even before the parties have had the opportunity to conduct formal discovery. On the other hand, a non-moving party must receive "a full opportunity to conduct discovery" in order to respond to a motion for summary judgment.[3] To that end Rule 56(d) provides that the court may "allow time to obtain

---

affidavit does not explain how Team Health, Inc. is related to Defendant THMS or how Stair has personal knowledge of THMS.

[2] Fed. R. Civ. P. 56(b).

[3] *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719-20 (6th Cir. 2004). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp.*

affidavits or declarations or to take discovery."[4] In order to invoke Rule 56(d), however, the party opposing the motion for summary judgment must show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."[5] The Sixth Circuit has ruled that the filing of an affidavit and/or motion pursuant to Rule 56 is a necessary prerequisite to granting extensions of time for the purpose of obtaining additional discovery to respond to a motion for summary judgment.[6] Rule 56 also requires that "a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information."[7] The Sixth Circuit has held that it is not an abuse of discretion for the district court to deny the Rule 56 request for discovery when the party "makes only general and conclusory statements [in its affidavit] regarding the need for

---

*v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"); *White's Landing Fisheries, Inc. v. Buchholzer,* 29 F.3d 229, 231-32 (6th Cir.1994) ("[in light of *Anderson* and *Celotex,*] a grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery").

[4] Fed. R. Civ. P. 56(d)(2).

[5] Fed. R. Civ. P. 56(d).

[6] *Plott v. Gen. Motors Corp.,* 71 F.3d 1190, 1196 (6th Cir.1995). The Court notes that amendments to Rule 56 took effect on December 1, 2010. The case law on motions for additional discovery under Rule 56 discuss the former subdivision (f). The comments to the 2010 amendments indicate that "Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)." Other than recasting subdivision (f) as subdivision (d) and some other stylistic changes, the Court finds that the new subdivision (d) does not significantly differ from the old version of the rule. Therefore, the Court holds that the case law construing the former Rule 56(f) continues to control the application of the new Rule 56(d).

[7] *Cacevic v. City of Hazel Park,* 226 F.3d 483, 488 (6th Cir. 2000). *See also CenTra, Inc. v. Estrin,* 538 F.3d 402, 420 (6th Cir. 2008).

more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the [claim] to be discovered."[8]

Applying these principles to the circumstances in the case at bar, the Court finds good cause to grant Plaintiff's Motion.  Plaintiff has satisfied the technical requirements of Rule 56 by filing a motion along with an affidavit from counsel.  More importantly, Plaintiff has shown that he needs additional time to discover information related to the "truth or falsity" of Defendant THMS's contentions about its relationship to Defendant Kemp.  While not detailed, the Court finds that Plaintiff's request for additional discovery is targeted and narrow enough to satisfy the requirements of Rule 56.  Therefore, Plaintiff's Motion for Additional Discovery is **GRANTED**. The parties are directed to confer and propose a discovery plan to allow Plaintiff to obtain the information he needs to respond to THMS's motion for summary judgment.  The parties shall submit their joint proposal for this discovery, including a deadline for Plaintiff to respond to the motion for summary judgment, on or before February 17, 2011.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:   February 2, 2011

---

[8] *Ironside v. Simi Valley Hosp.,* 188 F.3d 350, 354 (6th Cir.1999).  *See also Emmons v. McLaughlin,* 874 F.2d 351, 357 (6th Cir. 1989) (not an abuse of discretion to reject a Rule 56(f) affidavit as insufficient to support further discovery when the affidavit lacks "any details" or "specificity").